## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITE FOREST RESOURCES, INC., *et al.*,[1] | Case No. 25-10195 (TMH) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## RAVEN CREST CONTRACTING, LLC (CASE NO. 25-10203)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: White Forest Resources, Inc. (3764); Xinergy Corp. (3865); Xinergy of West Virginia, Inc. (2401); Shenandoah Energy, LLC (6770); South Fork Coal Company, LLC (3113); Bull Creek Processing Company, LLC (0894); Raven Crest Mining, LLC  (0122); Brier Creek Coal Company, LLC (9999) Raven Crest Contracting, LLC (7796); Raven Crest Leasing, LLC (7844); and Raven Crest Minerals, LLC (7746). The Debtors' service address is 1295 Ashford Hill Rd., Ashford, WV 25009.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| White Forest Resources, Inc., *et al.*, | Case No. 25-10195 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

On February 7, 2025 (the "Petition Date"), White Forest Resources, Inc. and its affiliated debtors (collectively "WFR" or "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are pending and administered under Case No. 25-10195 (TMH).

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs ("Statements"). The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflects the Debtors' reasonable efforts to report the assets and liabilities.  In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records available at the time of

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  White Forest Resources, Inc. (3764); Xinergy Corp. (3865); Xinergy of West Virginia, Inc. (2401); Shenandoah Energy, LLC (6770); South Fork Coal Company, LLC (3113); Bull Creek Processing Company, LLC (0894); Raven Crest Mining, LLC  (0122); Brier Creek Coal Company, LLC (9999) Raven Crest Contracting, LLC (7796); Raven Crest Leasing, LLC (7844); and Raven Crest Minerals, LLC (7746). The Debtors' service address is 1295 Ashford Hill Rd., Ashford, WV 25009.

such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.  The Debtors, and their officers, employees, agents, attorneys, and financial advisors, do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, financial advisors, and other professionals expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized.  The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by Gregory Whirley, Jr., Chief Executive Officer of WFR.  Mr. Whirley has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Whirley has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Whirley necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.**

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or the Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not

constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors are not hereby committing or obligating themselves to update the Schedules and Statements.

The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim pursuant to section 502 of the Bankruptcy Code or how such obligations may be classified or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **Description of Case and "as of" Information Date**. The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the close of business on January 31, 2025, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the close of business on February 7, 2025.

3. **Basis of Presentation.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. These Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

4. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities

exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Corporate Structure.** White Forest Resources, Inc. ("White Forest") is a Delaware corporation and the direct or indirect parent company of each of the other Debtors. A general ledger is not maintained for White Forest. White Forest is the 100% shareholder of Xinergy Corp., which is the 100% shareholder of Xinergy of West Virginia, Inc. Xinergy of West Virginia, Inc. is the 100% shareholder of both Shenandoah Energy, LLC and South Fork Coal Company, LLC (South Fork). Shenandoah Energy, LLC is the 100% direct and indirect owner of 6 entities which hold the ***Raven Crest assets***. South Fork is the owner of the ***South Fork assets***.

5. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserves all rights to recharacterize, reclassify, recategorize, further designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

6. **Intercompany Claims.** The intercompany receivable/payable balances between the Debtors are set forth on Schedule A/B , as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' and affiliates' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

7. **Real Property and Personal Property—Leased**. In the ordinary course of their businesses, the Debtors lease real or other property, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have included on **Schedule D** secured obligations to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

8. **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued balances, deferred gains, and other contingent liabilities. In addition, certain immaterial assets and liabilities may have been excluded. The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded.

9. **Insiders**. Entities or individuals listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities or individuals are insiders for purposes of section 101(31) of the Bankruptcy Code. Such entities or individuals may no longer serve in such capacities. In the interest of additional disclosure, the Debtors may also have included certain entities or individuals who may have officer titles. The listing of a party as an insider for purposes for the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements have been included for informational purpose only and such information may not be used for purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purposes.

10. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

11. **Executory Contracts and Unexpired Leases**. The Debtors have not estimated value of executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

12. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

13. **Claims Description**. Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

14. **Causes of Action**. Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of the Debtors' causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

15. **Paid Claims.**  The Bankruptcy Court authorized the Debtors to pay certain outstanding prepetition Claims—including, but not limited to, payments to employees, taxes, critical vendors, and shippers and warehousemen—pursuant to various "first day" orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities as of the Petition Date may have been reduced by post-petition payments made on account of prepetition liabilities.  Where the Schedules list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date.  In addition, to the extent the Debtors later pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing Claim objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

16. **Liens.**  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

17. **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers or customers.  These offsets, and other similar rights, are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets in the ordinary course of business are not independently accounted for, and as such, may be excluded from the Schedules and Statements.

18. **Estimates and Assumptions**.  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual amounts could differ from those estimates, perhaps materially.

19. **Confidentiality.**   There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

20. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule A/B.**  The Debtors have not included unexpired leases and executory contracts on Schedule A/B.  Unexpired leases and executory contracts are listed on Schedule G.

**Schedule A/B 3.** Bank account balances were obtained from bank detail as of the end of business on Petition Date.  There are three bank accounts in the name of White Forest Resources, Inc. that appear on Schedule A/B 3. The activity for those accounts is maintained in the general ledger for Xinergy Corp.

**Schedule A/B 11**.  Accounts receivable do not include intercompany receivables.   The debtors record and report their financials on a consolidated basis, as such intercompany receivables are netted out entirely.

**Schedules A/B 15**.  Each Debtor's Schedule A/B includes its ownership interest, if any, in any non-debtor subsidiaries. Because the Debtors did not undertake a historical analysis to assign values to the equity interests in the non-debtor subsidiaries, the value of the interest in non-debtor subsidiaries is listed as "undetermined."

**Schedules A/B 19-22.** The amounts set forth for these schedules reflect book value of the listed assets. The Debtors perform periodic cycle counts of inventory in lieu of full physical inventories.

**Schedule D.** The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, deposits, retainers, surety bonds, or statutory lien rights. In particular, and without limiting the generality of the foregoing, the Debtors have not included certain taxing authorities on Schedule D who may have filed or assert tax liens against the Debtors.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements.

**Schedule E/F.** The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based upon the Debtors' books and records as of the Petition Date. Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Any information contained in Schedule E/F with respect to potential litigation shall not be a binding admission or representation of any Debtor's liability with respect to any of the potential suits and proceedings included therein. Real estate taxes and certain other contingent accrued liabilities not reasonably estimated may have been excluded from Schedule E/F.

**Schedule E/F** reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid (subject to an order of the Bankruptcy Court) in connection with the assumption of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected, except where a judgment has been rendered.

The Debtors may have previously paid or in the future pay, in full or in part, certain Claims listed on Schedule E/F during the chapter 11 cases pursuant to orders of the Bankruptcy Court, such payments are not reflected on Schedule E/F and the Debtors and reserve all rights to update Schedule E/F to reflect such payments.

**Schedule E/F Part 1** schedules certain claims of taxing authorities as priority unsecured claims pursuant to section 507(a)(8) of the Bankruptcy Code. The Debtors do not concede

that any claims of taxing authorities are entitled to priority status and reserve all rights in connection therewith.

**Schedule E/F – Raven Crest Operations**.  The Raven Crest entities consist of Raven Crest Mining, LLC and its three subsidiaries: Raven Crest Minerals LLC, Raven Crest Leasing LLC and Raven Crest Contracting LLC.  All activity is captured in the general ledger for Raven Crest Mining, LLC. A general ledger is not maintained for Raven Crest Minerals, LLC, Raven Crest Leasing, LLC and Raven Crest Contracting LLC.  As a result, unsecured claims related to the Raven Crest operations are listed on Schedule E/F of Raven Crest Mining LLC.   Employees for the Raven Crest operations are employed by Raven Crest Contracting LLC, which is a subsidiary of Raven Crest Mining LLC. However, the liabilities associated with payroll related activity are captured on Schedule E/F for Raven Crest Mining, LLC. Various executory contracts and unexpired leases are scheduled on Schedule G of the Raven Crest subsidiaries. However, the liabilities are recorded in the general ledger for Raven Crest Mining LLC and captured on  Schedule E/F for Raven Crest Mining LLC.  The Debtors do not concede that claims listed on Schedule E/F of Raven Crest Mining are claims against Raven Crest Mining and reserve the right to assert that such claims may be claims of one or more of the Raven Crest subsidiaries.


**Schedule G**. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained through the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  In some cases, the same supplier or provider appears multiple times on Schedule G.  Multiple listings may not reflect distinct contracts between the applicable Debtor and such supplier or provider but, instead, a series of documents comprising a single contract.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or terminated prior to the Petition Date.  The Debtors reserve their rights to argue that any of the contracts, agreements, and leases listed on Schedule G expired or terminated prior to the Petition Date.  Additionally, some of the contracts, agreements, and leases listed on Schedule G may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other

documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of its business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements non-disclosure and confidentiality agreements.  Such agreements may not be set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on Schedule G.

White Forest Resources, Inc. is a counterparty for various executory contracts and unexpired leases. However, the amounts owed on those contracts and leases are captured on  Schedules E/F for Xinergy Corp. as White Forest Resources, Inc. does not maintain a general ledger and those claims are maintained on the general ledger for Xinergy Corp. The Debtors do not concede that such claims are claims against Xinergy Corp. and reserve the right to assert that such claims are claims against White Forest Resources, Inc.

**Schedule H.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Such Claims, to the extent they exist, have not been set forth individually on Schedule H.  All material litigation matters are listed under Statement 7, as applicable.

## **Specific Disclosures with Respect to the Debtors' Statements**

**Question 3.** For certain parties receiving payment, the Debtors maintain multiple addresses for such party. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3. Question 3 includes any disbursement or other transfer made by the Debtors except for those made to employees. Pursuant to the Debtors' cash management system, payments made to various parties may be made from a single Debtor on behalf of one or more Debtor entities. The Debtors have only listed the Debtor entity that disbursed the payment. In addition, for the sake of completeness and out of an abundance of caution, the Debtors may have listed transfers valued at less than $7,575 in their response to Question 3.

**Question 4**  With respect to any person ore entity listed on Question 4, or otherwise identified as an "insider" on the Debtors' Schedules and Statements, the Debtors do not concede that such person or insider is an "insider" as defined under the Bankruptcy Code or otherwise. The Debtors do not take any position with respect to (a) such person or entity's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual or entity; (c) the decision-making or corporate authority of such individual or entity; or (d) whether such individual or entity could successfully argue that he, she or it is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Question 6.** The Debtors may incur setoffs resulting from the ordinary course of business with their counterparties. Such setoffs are consistent with the ordinary course practices in the Debtors' industry. Additionally, it would be overly burdensome and costly for the Debtors to list all such normal setoffs. Therefore, Question 6 excludes such setoffs.

**Questions 7 & 22.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits, judicial and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

**Question 10.** The Debtors have made best efforts to collect applicable and responsive information, however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

**Question 11**. All disbursements listed in Question 11 were initiated and disbursed by Xinergy Corp., but were for the benefit of all Debtors. Such payments have been listed only at this entity and not duplicated across all Debtors.

**Question 26d**. In addition to the parties disclosed in response to this question, the Debtors have provided financial statements in the ordinary course of their businesses to various

financial institutions, creditors, landlords, and other parties within two (2) years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed all parties that may have received such financial statements for the purposes of Question 26d.

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---:|
| 1a. **Real property:** <br> Copy line 88 from Schedule A/B | $0.00 |
| 1b. **Total personal property:** <br> Copy line 91A from Schedule A/B | $0.00 |
| 1c. **Total of all property:** <br> Copy line 92 from Schedule A/B | $0.00 |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D — **$66,397,235.13**

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---:|
| 3a. **Total claim amounts of priority unsecured claims:** <br> Copy the total claims from Part 1 from line 5a of Schedule E/F | $0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** <br> Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | $0.00 |

**4. Total Liabilities**
Lines 2 + 3a + 3b — **$66,397,235.13**

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1 | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   $0.00

### Part 2:   Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**

| | Current value of debtor's interest |
|---|---|

Description, including name of holder of deposit

7.1 _____    $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____    $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.    | $0.00 |

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ face amount | – | _____ doubtful or uncollectible accounts | = ........ ➜ | $0.00 |
| 11b. | Over 90 days old: | _____ face amount | – | _____ doubtful or uncollectible accounts | = ........ ➜ | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    | $0.00 |

**Part 4:    Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____    _____    $0.00

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:        % of ownership:

15.1 _____    _____    _____    $0.00

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____   _____   $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                              $0.00

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 _____ | ____ | _____ | _____ | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 _____ | ____ | _____ | _____ | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 _____ | ____ | _____ | _____ | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 _____ | ____ | _____ | _____ | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                              $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes      Book value _____   Valuation method _____   Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.                                          $0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**  **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

39.1

| | | | $0.00 |
|---|---|---|---|

**40. Office fixtures**

40.1

| | | | $0.00 |
|---|---|---|---|

**41. Office equipment, including all computer equipment and communication systems equipment and software**

41.1

| | | | $0.00 |
|---|---|---|---|

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

42.1

| | | | $0.00 |
|---|---|---|---|

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:**  **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1

| | | | $0.00 |
|---|---|---|---|

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1

| | | | $0.00 |
|---|---|---|---|

**49. Aircraft and accessories**

49.1 _____  _____  _____                    $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____                    $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 9: | **Real Property** |

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | _____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 10: | **Intangibles and intellectual property** |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:    All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

None _____ _____ - _____ = ➔ $0.00
                        total face amount      doubtful or uncollectible
                                               amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

NOL _____    Tax year  2024 _____    TBD _____

**73. Interests in insurance policies or annuities**

73.1

None _____    $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

None _____    $0.00

Nature of Claim    _____

Amount requested   _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

None _____    $0.00

Nature of Claim    _____

Amount requested   _____

**76. Trusts, equitable or future interests in property**

76.1

None _____    $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

None _____    $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $0.00 |
|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 12:    Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |

**82. Accounts receivable.** Copy line 12, Part 3.                                      $0.00

**83. Investments.** Copy line 17, Part 4.                                             $0.00

**84. Inventory.** Copy line 23, Part 5.                                               $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.                       $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy              $0.00
line 43, Part 7.

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.                      $0.00

**88. Real property. Copy line 56, Part 9.**                              ➔            $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.                 $0.00

**90. All other assets.** Copy line 78, Part 11.                                       $0.00

**91. Total. Add lines 80 through 90 for each column**    91a.   $0.00    91b.    $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.              $0.00

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203

☐ **Check if this is an amended filing**

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:** List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

2.1

Rudd Equipment Company
4344 Poplar Level Road
Louisville, KY 40213

**Date debt was incurred?**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
Equipment

**Describe the lien**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

$110,264.43    Undetermined

**2.2**

Spectrum Origination LLC
1253 Springfield Ave
Ste 201
New Providence, NJ 07974

**Date debt was incurred?**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
- [x] No
- [ ] Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
All assets

$60,730,263.02    Undetermined

**Describe the lien**
Lien on all business assets

**Is the creditor an insider or related party?**
- [x] No
- [ ] Yes

**Is anyone else liable on this claim?**
- [ ] No
- [x] Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**2.3**

Utica Leaseco, LLC
905 South Boulevard East
Rochester, MI 48307

**Date debt was incurred?**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
- [x] No
- [ ] Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
Various Equipment

$5,556,707.68    Undetermined

**Describe the lien**
Equipment Lien

**Is the creditor an insider or related party?**
- [x] No
- [ ] Yes

**Is anyone else liable on this claim?**
- [ ] No
- [x] Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
- [x] Contingent
- [x] Unliquidated
- [x] Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$66,397,235.13

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **3.1** | | |

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | As of the petition filing date, the claim is: *Check all that apply.* | | $0.00 |

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**

11 U.S.C. § 507(a) (_)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

3.1

_____

**Date or dates debt was incurred**

_____

_____

**As of the petition filing date, the claim is:** $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:** _____

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 _____ | Line _____ | _____ |
| | ☐ Not listed. Explain _____ | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $0.00 |

<table>
<tr><td>

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203
</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:  Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1 **State what the contract or lease is for and the nature of the debtor's interest** — Easement and Right Of Way – Access <br> **State the term remaining** — Unknown <br> **List the contract number of any government contract** | Appalachian Power Company and Penn Virginia Operating Company LLC <br> 1 Riverside Plaza <br> Columbus, OH 43215-2373 |
| 2.2 **State what the contract or lease is for and the nature of the debtor's interest** — Right Of Way and Easement – Coal Agreement <br> **State the term remaining** — Unknown <br> **List the contract number of any government contract** | Appalachian Power Company and Penn Virginia Operating Company LLC <br> 1 Riverside Plaza <br> Columbus, OH 43215-2373 |
| 2.3 **State what the contract or lease is for and the nature of the debtor's interest** — Power Supply Agreement dated June 22, 2012 <br> **State the term remaining** — Unknown <br> **List the contract number of any government contract** | Appalachian Power Company d/b/a American Electric Power <br> 1 Riverside Plaza <br> Columbus, OH 43215-2373 |

**2.4** | **State what the contract or lease is for and the nature of the debtor's interest** | Directors' and Officers' Liability, Employment Practices Liability, and Fiduciary Liability

Crum & Forster
Attn: Daphne Sanders
Houchens Insurance Group
2009 Frederica St
Owensboro, KY 42301

**State the term remaining** | 7/1/2024 – 7/1/2025

**List the contract number of any government contract**

---

**2.5** | **State what the contract or lease is for and the nature of the debtor's interest** | Shut-In Agreement, dated March 10, 2021

Diversified Production, LLC
414 Summers Street
Charleston, WV 25301

**State the term remaining** | Unknown

**List the contract number of any government contract**

---

**2.6** | **State what the contract or lease is for and the nature of the debtor's interest**

First Surety Corporation
179 Summers Street
Ste 307
Charleston, WV 25301

**State the term remaining**

**List the contract number of any government contract**

---

**2.7** | **State what the contract or lease is for and the nature of the debtor's interest** | Rental Contract related to the rental of 1 Highwall Miner GPS device

Professional Highwall Mining Services
145 George Street
Suite E
Beckley, WV 25801

**State the term remaining** | Unknown

**List the contract number of any government contract**

---

**2.8** | **State what the contract or lease is for and the nature of the debtor's interest** | Coal Sales Contracts

River Trading Company, Ltd.
10900 89th Ave N
Maple Grove, MN 55369

**State the term remaining** | Unknown

**List the contract number of any government contract**

---

**2.9** | **State what the contract or lease is for and the nature of the debtor's interest** | Coal Loading, Processing and Throughput Agreement dated February 3, 2028

Sundial Mining, LLC
989 Governors Lane
Suite 350
Lexington, KY 40513

**State the term remaining** | 1,059 days

**List the contract number of any government contract**

| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest** | Equipment Lease | Utica Leaseco, LLC<br>905 South Boulevard East<br>Rochester, MI 48307 |
| | **State the term remaining** | Unknown | |
| | **List the contract number of any government contract** | | |

| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | Property Liability | Houchens Specialty Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 − 7/1/2025 | |
| | **List the contract number of any government contract** | | |

| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest** | General Liability | Imperium Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 − 7/1/2025 | |
| | **List the contract number of any government contract** | | |

| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest** | Inland Marine Coverage | Imperium Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 − 7/1/2025 | |
| | **List the contract number of any government contract** | | |

| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest** | Business Automobile Liability | Imperium Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 − 7/1/2025 | |
| | **List the contract number of any government contract** | | |

| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest** | Umbrella Liability | Imperium Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 − 7/1/2025 | |
| | **List the contract number of any government contract** | | |

| 2.16 | **State what the contract or lease is for and the nature of the debtor's interest** | Inland Marine Coverage | Lloyds of London<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| 2.17 | **State what the contract or lease is for and the nature of the debtor's interest** | Excess Directors' and Officers' Liability | RSUI Indemnity Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 – 7/1/2025 | |
| | **List the contract number of any government contract** | | |
| 2.18 | **State what the contract or lease is for and the nature of the debtor's interest** | Excess Directors' and Officers' Liability | Starstone Insurance<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 – 7/1/2025 | |
| | **List the contract number of any government contract** | | |
| 2.19 | **State what the contract or lease is for and the nature of the debtor's interest** | Workers' Compensation | Rockwood Casualty Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | Monthly | |
| | **List the contract number of any government contract** | | |
| 2.20 | **State what the contract or lease is for and the nature of the debtor's interest** | Commercial Auto Liability | Houchens Insurance Group<br>Attn: Daphne Sanders<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | 7/1/2024 – 7/1/2025 | |
| | **List the contract number of any government contract** | | |
| 2.21 | **State what the contract or lease is for and the nature of the debtor's interest** | Umbrella Liability | Starr Specialty Insurance Company<br>Attn: Daphne Sanders<br>Houchens Insurance Group<br>2009 Frederica St<br>Owensboro, KY 42301 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 See Schedule H Attachment | | | ☐ D ☐ E/F ☐ G |

**SCHEDULE H ATTACHMENT**
Codebtors

| ID | Codebtor Name | Codebtor Address | Creditor's Name | Creditor's Address | D | E/F | G |
|---|---|---|---|---|---|---|---|
| 2.001 | Brier Creek Coal Company, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.002 | Bull Creek Processing Company, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.003 | Raven Crest Leasing, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.005 | Raven Crest Minerals, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.006 | Raven Crest Mining, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.004 | Raven Crest Mining, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Utica Leaseco, LLC | 905 South Boulevard East, Rochester, MI 48307 | X | | |
| 2.007 | Shenandoah Energy, LLC | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.008 | South Fork Coal Company, LLC | 413 Nicholas Street Rupert, WV 25984 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.009 | South Fork Coal Company, LLC | 413 Nicholas Street Rupert, WV 25984 | Utica Leaseco, LLC | 905 South Boulevard East, Rochester, MI 48307 | X | | |
| 2.010 | White Forest Resources, Inc. | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.011 | Xinergy Corp. | 8351 East Walker Springs Lane, Suite 400 Knoxville, TN 37923 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |
| 2.012 | Xinergy of West Virginia, Inc. | 1295 Ashford Hill Rd. Ashford, WV 25009 | Spectrum Origination LLC | 1253 Springfield Ave, Suite 201, New Providence, NJ 07974 | X | | |

**Fill in this information to identify the case:**

Debtor name: Raven Crest Contracting, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10203

☐ Check if this is an amended filing

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets−Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 3/27/2025 | /s/ Greg Whirley |
|---|---|
| Executed on | Signature of individual signing on behalf of debtor |
| | Greg Whirley |
| | Printed name |
| | Chief Executive Officer |
| | Position or relationship to debtor |